UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SERGIO CONTRERAS,**

     **Petitioner,**

                             **Case No. 8:04-CV-2270-T-27MAP**
**vs.**                        **Crim. Case No. 8:01-CR-467-T-27MAP**

**UNITED STATES OF AMERICA,**

     **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Response in Opposition (CV Dkt. 6) and Petitioner's Reply (CV Dkt. 8). In its response, the Government contends that the motion should be dismissed as untimely. (CV Dkt. 6). In his Reply, Petitioner concedes that his motion was filed more than one year after his conviction became final. He relies on equitable tolling to avoid the one year limitation period prescribed by § 2255. (CV Dkt. 8, pp. 1, 2, 5). For the reasons discussed, the Court finds that Petitioner's § 2255 motion to vacate should be dismissed as time barred.

### Background

Petitioner was charged in a single count Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (CR Dkt. 9). A jury found Petitioner guilty as charged and he was sentenced to 151 months imprisonment, to be followed by five years of supervised release. (CR Dkts. 47, 62). Petitioner's conviction was affirmed on June 16, 2003. (CR Dkt. 79). *See United States v. Contreras* 73 Fed. Appx. 387 (table decision). He did not file a petition for certiorari with the Supreme Court.

-1-

## Discussion

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Here, the 90-day period for filing a petition for writ of certiorari began to run on June 16, 2003, when the Court of Appeals entered its judgment. *See* S.Ct. R. 13(3); *see also Close v. United States*, 336 F.3d 1283 (11th Cir. 2003); *Chavers v. Florida Dept. Of Corrections*, ___ F.3d ___, 2006 WL 3068840 (11th Cir. October 31, 2006). Petitioner's judgment therefore became final on September 15, 2003, when the time for filing a petition for writ of certiorari expired.[1] To be timely, Petitioner's § 2255 motion must have been filed on or before September 15, 2004. Petitioner filed the instant § 2255 motion to vacate on September 30, 2004, fifteen (15) days after the limitations period expired. (CV Dkt. 1).[2] Thus, unless Petitioner demonstrates that he is entitled to equitable tolling of the limitations period, his § 2255 motion is time barred. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

---

[1]   The Government is correct that Petitioner's 90-day period actually ran on September 14, 2003, but because that date fell on a Sunday, the period for filing a petition for writ of certiorari expired on the following day.

[2]   A prisoner's *pro se* § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299 (11th Cir. 2001) (citing *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999)). Absent evidence to the contrary, it can be assumed that a § 2255 motion was delivered to prison authorities on the date that the prisoner signed it. *Id.* at 1301.

Equitable tolling is appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Id.* at 1271-72. Equitable tolling applies, however, only in "truly extraordinary circumstances" and Petitioner bears the burden of establishing that he is entitled to this extraordinary relief. *Johnson v. United States,* 340 F.3d 1219, 1226 (11th Cir. 2003) (citations omitted).

Seeking to avoid dismissal, Petitioner argues that "excusable neglect" resulted in his untimely motion, contending that because of a "breakdown in communication" between Petitioner and his retained appellate attorney, "he never received any notice whatsoever of his denial from the Court of Appeals." (CV Dkt. 8 at pp. 2-4). Petitioner further states that he "cannot be exactly sure but he believes that he asked one of his family membres [sic] to find the date of his DENIAL" but that "[i]t appears that the date became mixed up somewhere in the communication between the Clerk and his family." *Id.* at 4.

Petitioner's explanation for why his § 2255 motion was filed late does not constitute "extraordinary circumstances" beyond his control which made it impossible, even with diligence, for him to file his motion on time. Because Petitioner was represented by counsel, he was not entitled to personal notice of the appellate court's order. If, as Petitioner contends, his attorney did not notify him of the appellate court's decision, that act of neglect would not be sufficient to toll the one year period. *Sandvik,* 177 F.3d at 1271 (attorney negligence does not justify tolling of limitation period) (citing *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618-19 (3d Cir. 1998)) ("Mere excusable neglect is not sufficient [to toll the bar]."); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891 (1998) (not knowing about period of limitation until too late is not ground for equitable tolling); *Bronson v. McDonough,* 2006 WL 2724295, (N.D. Fla. April

-3-

24, 2006) (citing *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) and *LaCava v. Kyler*, 398 F.3d 271, 276 (3rd Cir. 2005)) (neither petitioner's failure to receive personal notice of court's order within limitations period nor petitioner's attorney's failure to timely notify him of denial constituted extraordinary circumstance sufficient to warrant equitable tolling of § 2244 limitations period; petitioner was not entitled to personal notice under state law because he was represented by counsel, and attorney error was not an extraordinary circumstance).[3]

## Conclusion

Petitioner's § 2255 motion is time barred. Because the motion is time-barred, the merits of Petitioner's claims will not be discussed. *See Helton v. Sec. for Dep't of Corrs.*, 1310, 1314-15 (11th Cir. 2001). Accordingly, Petitioner's § 2255 motion is **DISMISSED**. All pending motions are denied as moot. The Clerk is directed enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this _15th_ day of November, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner *pro se*
Counsel of Record

---

[3] *Knight v. Schofield*, 292 F.3d 709 (11th Cir. 2002), is distinguishable. There, the clerk's office affirmatively represented to the petitioner that he would personally receive notification of the court's ruling. The clerk sent notification to someone other than the petitioner, resulting in an untimely post conviction motion.

-4-